**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

MESSIKA GROUP,

Plaintiff,

v.

THE PARTNERSHIPS AND
UNINCORPORATED ASSOCIATIONS
IDENTIFIED IN SCHEDULE "A",

Defendants.

Case No. 2:25-cv-00578-PPS-AZ
Judge Philip P. Simon

_____/

**DEFENDANT INTEGRITY YIWU (A TEMU STORE)'S MOTION TO DISMISS FOR**
**INSUFFICIENT SERVICE OF PROCESS AND MISJOINDER**

Defendant Integrity Yiwu (a TEMU Store), by and through undersigned counsel, respectfully moves to dismiss the Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(5) and 21.

I. INSUFFICIENT SERVICE OF PROCESS – Fed. R. Civ. P. 12(b)(5)

Plaintiff obtained authorization for alternative electronic service under Fed. R. Civ. P. 4(f)(3) by representing to the Court that Defendants' addresses were unknown or fabricated. This representation was incorrect as to this Defendant.

The TEMU store page for Integrity Yiwu publicly displays a verifiable business address: Room 201, Unit 5, Building 72, District 4, North Station, Houzhai Street, Yiwu City, 322000, Zhejiang Province, Jinhua City, China.

*See* Defendant's TEMU Store webpage, available at https://www.temu.com/mall.html?_bg_fs=1&mall_id=634418214876934&goods_id=601105308201766&sticky_type=3&_x_sessn_id=zr5o342dnw&refer_page_name=goods&refer_page_id=10032_1782135325306_0lw9rasqpe&refer_page_sn=10032&is_back=1&filter_items=1:1, last visited June 22, 2026.



Figure 1: Defendant's Store Webpage

By clicking the symbol "i" next to "Intergity Yiwu" (see Figure 1 above), the address is readily

available as follows in Figure 2:



Figure 2: Address on TEMU

This is the authentic business address listed on the defendant's commercial registration. Plaintiff could have (and should have) attempted service via the Hague Service Convention at this known address. Instead, Plaintiff relied on alternative service that bypassed the Hague Convention.

The Seventh Circuit recently held in *Kangol LLC v. Hangzhou Chuanyue Silk Imp. & Exp. Co., Ltd.*, No. 25-2205, 2026 WL 1502198, at 5 (7th Cir. May 29, 2026), that the Hague Service Convention is mandatory when a defendant's address in China is known, and email service is not a permissible alternative. Because Plaintiff had (or reasonably could have obtained) this Defendant's address, the Court's prior order authorizing alternative service was based on incomplete or inaccurate information as applied to this Defendant. Service was therefore insufficient, and the Court lacks personal jurisdiction.

## II. MISJOINDER OF PARTIES – Fed. R. Civ. P. 21 and 35 U.S.C. § 299

Even if service were proper, the dozens of unrelated foreign sellers are improperly joined. Under FRCP Rule 20, defendants may be joined only if the claims arise out of the same transaction or occurrence and the defendants are alleged to have infringed in the same or substantially the same manner. No such allegations exist here. The defendants operate independent storefronts with no alleged coordination.

Severance and dismissal of the claims against this Defendant are warranted.

## III. CONCLUSION

For the foregoing reasons, Defendant Integrity Yiwu respectfully requests that the Court dismiss the Amended Complaint without prejudice for insufficient service of process and misjoinder.

Respectfully submitted,

/s/ Jianyin Liu
Jianyin Liu, Esq.
Florida Bar No. 1007675
The Law Offices of James Liu PLLC
9000 SW 157th Street
Palmetto Bay, FL 33157
(305) 209-6188
jamesliulaw@gmail.com

Counsel for Defendant Integrity Yiwu (a TEMU Store)

Dated: June 22, 2026

**Certificate of Service**

I certify that on June 22, 2026, a true copy was served via CM/ECF on all counsel of record.

/s/ Jianyin Liu