**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA-HAMMOND DIVISION**

MESSIKA GROUP,

    Plaintiff,

        v.

THE PARTNERSHIPS AND
UNINCORPORATED ASSOCIATIONS
IDENTIFIED IN SCHEDULE "A",

    Defendants.

Case No. 2:25-cv-00578-PPS-AZ

Judge Philip P. Simon
Magistrate Judge Abizer Zanzi

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT**
**INTEGRITY YIWU'S MOTION TO DISMISS**

Plaintiff Messika Group ("Messika" or "Plaintiff") submits the following response in

opposition to Defendant Integrity Yiwu's ("Defendant") Motion to Dismiss for insufficient service

of process and misjoinder.

**INTRODUCTION**

Plaintiff[1] brings this action against Defendant Integrity Yiwu ("Defendant") and the other

defendants identified in the Amended Schedule A for trademark infringement arising from the sale

of unauthorized products bearing Plaintiff's federally registered MESSIKA Trademarks.

Consistent with its experience in Schedule A litigation involving foreign online infringers, Plaintiff

moved for alternative service pursuant to Federal Rule of Civil Procedure 4(f)(3), explaining that

the contact information provided by online marketplace sellers is frequently inaccurate,

---

[1] Plaintiff is an internationally recognized creator and seller of high-quality diamond jewelry and jewelry accessories, including rings, bracelets, earrings and necklaces which are designed as innovative and timeless jewelry for women in both fine and high jewelry segments. Amended Compl. [21, 22] at ¶ 5. To protect its intellectual property, Plaintiff owns numerous federally registered trademarks, including U.S. Reg. No. 6,835,769 and U.S. Reg. 7,979,678 (collectively, the "MESSIKA Trademarks"), which identify the goods that it markets, sells, and licenses. *Id*. ¶ 6.

1

incomplete, or otherwise unreliable. The Court granted Plaintiff's motion and authorized alternative service, and Defendant was thereafter served in accordance with the Court's Order.

Defendant now moves to dismiss Plaintiff's claims for insufficient service of process and misjoinder. *See* Defendant Integrity Yiwu (A Temu Store)'s Motion to Dismiss for Insufficient Service of Process and Misjoinder [40] (the "Motion"). Neither argument warrants dismissal.

Defendant contends that Plaintiff should have served it through the Hague Convention because Defendant's TEMU storefront displays a business address. Plaintiff's investigation, however, revealed that the purported address is unreliable and could not be verified as Defendant's current business address. Defendant identifies itself as "Yiwushitengdadianzishangwu Co., Ltd.," a Chinese limited liability company whose registered address should be reflected in China's official corporate registration system. Plaintiff's investigation revealed that the address displayed on Defendant's TEMU storefront does not match the registered address of the corresponding Chinese company and therefore could not be verified as Defendant's current registered business address. Defendant of Joey Yip (the "Yip Decl.") ¶¶ 2–5. Accordingly, Defendant has failed to establish that the address displayed on its TEMU storefront constitutes a known and reliable address requiring service under the Hague Convention.

Finally, Defendant's request for dismissal based on alleged misjoinder fails as a matter of law. Fed. R. Civ. P. 21 expressly provides that "[m]isjoinder of parties is not a ground for dismissing an action." Accordingly, even if the Court were to conclude that additional service is appropriate following *Kangol*, or that severance is warranted, the proper remedy would be to permit Plaintiff to effect Hague service or sever Defendant's claims, not dismiss them.

## ARGUMENT

I.    **Defendant Has Failed to Establish That the Hague Convention Applies Because It Has Not Demonstrated a Known and Reliable Address**

Defendant's Motion rests on a single factual premise that Plaintiff should have served Defendant through the Hague Convention because Defendant's TEMU storefront displays a business address. Motion at 1–3. That premise is unsupported.

In *Kangol LLC v. Hangzhou Chuanyue Silk Import & Export Co., Ltd.*, 177 F.4th 793 (7th Cir. 2026), the Seventh Circuit addressed whether service by electronic means pursuant to Federal Rule of Civil Procedure 4(f)(3) was proper where the defendant was located in China. The Court held that the Hague Service Convention prohibits email service when the defendant's address is known and plaintiffs are required "to make reasonably diligent efforts to ascertain and verifying the defendant's mailing address before deeming the defendant's address unknown." *Id.* at 799. Accordingly, where a defendant's address is known, the Hague Convention governs service. *Id.* Conversely, where the defendant's address is not known, the Convention does not apply.

Here, Defendant has failed to establish that the address displayed on its TEMU storefront is a known and reliable address requiring service under the Hague Convention.

Defendant identifies itself as "Yiwushitengdadianzishangwu Co., Ltd.," which denotes a Chinese limited liability company. As a registered legal entity, its registered name and registered address should be reflected in China's official corporate registration system. Plaintiff investigated the purported address identified by Defendant. Plaintiff's investigator identified the Chinese company corresponding to Defendant's English name, "义乌市藤达电子商务有限公司" ("Yiwushitengdadianzishangwu Co., Ltd."), and reviewed the company's corporate registration records. Yip Decl. ¶¶ 2–3. Those records revealed that the company's registered address differs from the address displayed on Defendant's TEMU storefront. *Id*. ¶ 4. As a result, Plaintiff's investigator was unable to verify that the TEMU address constitutes Defendant's current registered business address. *Id*. ¶ 5.

Defendant offers no competent evidence establishing that the TEMU address is, in fact, its business address. Defendant submits no declaration from a corporate representative, no certified Chinese corporate registration records, and no government-issued records supporting its assertion. Instead, Defendant relies solely on screenshots from its own online storefront and attorney argument. Such evidence is insufficient to establish that the address displayed on Defendant's TEMU storefront is a known and reliable address for purposes of the Hague Convention.

Indeed, Plaintiff's investigation confirms the very concern underlying Plaintiff's request for alternative service. In seeking relief under Rule 4(f)(3), Plaintiff explained that contact information provided by online marketplace sellers is frequently inaccurate, incomplete, or otherwise unreliable. Defendant's Motion does not undermine that concern. To the contrary, Plaintiff's investigation demonstrated that the address could not be verified through China's official corporate registration system. Rather than undermining the Court's Order authorizing alternative service, Defendant's Motion reinforces the reasonableness of Plaintiff's request.

Because Defendant has failed to establish that the address displayed on its TEMU storefront is a known and reliable address requiring service under the Hague Convention, Defendant has likewise failed to demonstrate that the Court's Order authorizing alternative service was improper. Accordingly, Defendant's Motion should be denied.

## II. Even If Hague Service Is Required Following *Kangol*, Dismissal Is Not the Appropriate Remedy

Even assuming, *arguendo*, that the Court concludes Defendant should be served through the Hague Convention following *Kangol*, dismissal is still unwarranted.

Plaintiff did not disregard the Federal Rules or attempt to circumvent international service requirements. Plaintiff served Defendant pursuant to this Court's Order [11] authorizing alternative service under Rule 4(f)(3). Plaintiff fully complied with the Court's Order. Where a

plaintiff has acted in good-faith reliance upon a court-authorized method of service, courts routinely permit additional time to effect proper service rather than dismiss the action. *Panaras v. Liquid Carbonic Indus. Corp.*, 94 F.3d 338, 340 (7th Cir. 1996) ("If good cause is shown, the court *shall* extend the time for service for an appropriate period"). Moreover, Rule 4(m) expressly excludes service in a foreign country from its ninety-day service deadline, reflecting the Federal Rules' recognition that foreign service frequently requires additional time.

Should this Court conclude that Defendant must be served through the Hague Convention, the appropriate remedy would be to permit Plaintiff to effect Hague service rather than dismiss Plaintiff's claims.

## III.     Defendant's Misjoinder Argument Does Not Justify Dismissal

Defendant alternatively seeks dismissal based on alleged misjoinder under Federal Rule of Civil Procedure 21 and 35 U.S.C. § 299. Motion at 3. Neither authority supports dismissal.

As an initial matter, Defendant's reliance on 35 U.S.C. § 299 is misplaced. Section 299 governs joinder of defendants in patent infringement actions. This action arises under the Lanham Act for trademark infringement, not the Patent Act. Accordingly, § 299 has no application here.

Nor does Rule 21 provide a basis for dismissal. Fed. R. Civ. P. 21 expressly states that "[m]isjoinder of parties is not a ground for dismissing an action." Thus, even assuming, arguendo, that Defendant were improperly joined, dismissal would not be an available remedy. At most, Rule 21 authorizes the Court to sever claims or drop parties on just terms.

Moreover, Defendant has failed to submit competent evidence demonstrating that severance is warranted. The Motion merely asserts that Defendant was improperly joined, but is supported only by attorney argument. Defendant submits no declaration from a corporate representative or any other witness with personal knowledge establishing that assertion.

Plaintiff continues to believe joinder is proper based upon the allegations of the Amended Complaint and the evidence submitted in support of Plaintiff's request for preliminary injunctive relief. Nevertheless, should Defendant later submit competent evidence demonstrating that it is wholly unrelated to the remaining defendants and the Court conclude that Rule 20 is not satisfied, Plaintiff does not oppose severing this Defendant into a separate action if the Court determines that is the just outcome here. Under no circumstances, however, would dismissal be the appropriate remedy.

**CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that this Court deny Defendant's Motion to Dismiss in full.

Dated: July 13, 2026

Respectfully submitted,

/s/ James E. Judge

Zareefa B. Flener (IL Bar No. 6281397)
James E. Judge (IL Bar No. 6243206)
Ying Chen (IL Bar No. 6346961)
Flener IP Law, LLC
77 West Washington Street, Suite 800
Chicago, Illinois 60602
(312) 724-8874
jjudge@fleneriplaw.com