**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

MESSIKA GROUP,

Plaintiff,

v.

THE PARTNERSHIPS AND
UNINCORPORATED ASSOCIATIONS
IDENTIFIED IN SCHEDULE "A",

Defendants.

Case No. 2:25-cv-00578-PPS-AZ
Judge Philip P. Simon
Magistrate Judge Abizer Zanzi

_____/

**DEFENDANT INTEGRITY YIWU'S REPLY IN SUPPORT OF MOTION TO DISMISS**
**FOR INSUFFICIENT SERVICE OF PROCESS AND MISJOINDER**

Defendant Integrity Yiwu ("Defendant"), by and through undersigned counsel, submits this Reply in support of its Motion to Dismiss for Insufficient Service of Process and Misjoinder [40]. Plaintiff's Opposition [43] fails to rebut the central fact that Defendant's Temu storefront publicly displays a verifiable business address, and that Plaintiff made no effort to serve Defendant at that address before seeking alternative service.

### I. Plaintiff Failed to Establish That Defendant's Address Was Unknown

Plaintiff's entire opposition rests on the declaration of investigator Joey Yip, who checked one possible Chinese company name ("义乌市藤达电子商务有限公司") and found that its registered address did not match the address displayed on Defendant's Temu storefront. See Yip Decl. ¶¶ 3–5. This investigation is insufficient for two independent reasons.

First, the fact that one possible corporate entity has a different registered address does not prove that the address publicly displayed on Defendant's own Temu storefront is fake, fabricated, or unknown. Defendant's Temu page clearly and conspicuously lists: "Room 201, Unit 5, Building 72, District 4, North Station, Houzhai Street, Yiwu City, 322000, Zhejiang Province, Jinhua City, China."

This is precisely the type of specific, publicly available address that *Kangol LLC v. Hangzhou Chuanyue Silk Import & Export Co., Ltd.*, 177 F.4th 793 (7th Cir. 2026), requires plaintiffs to investigate before resorting to alternative service under Rule 4(f)(3).

Second, Plaintiff made no effort to serve Defendant at the address displayed on its own storefront, nor did Plaintiff attempt service through the Hague Convention at that address. Instead, Plaintiff sought a blanket order authorizing email service based on generalized allegations that foreign sellers' addresses are often unreliable. Plaintiff cannot now claim the address was "unknown" when it was staring them in the face on Defendant's own sales platform.

## II. Plaintiff Did Not Make "Reasonably Diligent Efforts" as Required by Kangol

In *Kangol*, the Seventh Circuit held that the Hague Service Convention applies when a defendant's address is known, and that plaintiffs must make "reasonably diligent efforts to ascertain and verify[] the defendant's mailing address before deeming the defendant's address unknown." 177 F.4th at 799.

Plaintiff did the opposite here. It sought alternative service based on the general assertion that online sellers' contact information is frequently inaccurate, without conducting any

defendant-specific investigation into the address that was publicly displayed on this Defendant's Temu page. That is the antithesis of the "reasonably diligent efforts" *Kangol* requires.

Because Plaintiff had (or could have easily obtained) Defendant's address from its own Temu storefront, the Hague Convention governed service. Plaintiff's failure to attempt Hague service renders the alternative service improper.

### III. Dismissal or Severance Is the Appropriate Remedy

Even if the Court concludes that Hague service is now required, dismissal without prejudice remains appropriate. Plaintiff did not act in good-faith reliance on a court order specific to this Defendant — it obtained a broad alternative service order based on incomplete information. Allowing the case to proceed against this Defendant on the basis of improper service would reward Plaintiff's lack of diligence.

Alternatively, if the Court is inclined to give Plaintiff another opportunity to serve Defendant properly, the Court should sever Defendant from this action pursuant to Federal Rule of Civil Procedure 21. As Defendant previously explained, joinder of dozens of unrelated foreign sellers who operate independent storefronts violates Rule 20. Severance is the proper mechanism to address misjoinder.

### CONCLUSION

For the foregoing reasons, Defendant Integrity Yiwu respectfully requests that the Court grant its Motion to Dismiss [40] and dismiss Plaintiff's claims against it without prejudice for insufficient service of process. In the alternative, Defendant requests that its claims be severed from this action.

Dated: July 14, 2026

Respectfully submitted,

/s/ Jianyin Liu
Jianyin Liu, Esq.
Florida Bar No. 1007675
The Law Offices of James Liu PLLC
9000 SW 157th Street
Palmetto Bay, FL 33157
(305) 209-6188
jamesliulaw@gmail.com

Counsel for Defendant Integrity Yiwu (a Temu Store)

### CERTIFICATE OF SERVICE

I hereby certify that on July 13, 2026, a true and correct copy of the foregoing was served via CM/ECF on all counsel of record.

/s/ Jianyin Liu