**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

MESSIKA GROUP,

Plaintiff,

v.

THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED IN SCHEDULE "A",

Defendants.

Cause No. 2:25-CV-578-PPS-AZ

## OPINION AND ORDER

Plaintiff Messika Group, a creator and seller of jewelry, brought this action against various online storefronts identified in Schedule A to the complaint. Messika alleges the defendants, who are largely located in China, sell counterfeit versions of its products in violation of its trademarks. As plaintiffs commonly do in Schedule A cases, Messika sought authorization to serve process on defendants by electronic means under Fed. R. Civ. P. 4(f)(3) [DE 7], which Magistrate Judge Abizer Zanzi granted on January 26, 2026 [DE 11]. Two developments followed: *First*, on May 29, 2026, the Seventh Circuit decided *Kangol LLC v. Hangzhou Chuanyue Silk Imp. & Exp. Co.*, 177 F.4th 793 (7th Cir. 2026). *Kangol* holds that the Hague Service Convention is mandatory and exclusive where it applies, and that China's objection to service under Article 10 forecloses email service. *Id.* at 801-02. *Second*, on June 22, 2026, Defendant Integrity Yiwu (a Temu store) moved to dismiss the amended complaint for insufficient service and misjoinder. For the reasons below,

Yiwu's motion is denied, but Messika must serve Yiwu as required by the Hague Service Convention and is granted leave to amend its complaint within 30 days to include allegations that support joinder of Yiwu with the other defendants. The amended complaint must be accompanied by a memorandum explaining why joinder is proper under Federal Rule of Civil Procedure 20(a). Otherwise, Messika must bring a separate individual action against Yiwu.

**Background**

Messika filed this action on December 29, 2025 and filed the amended complaint (with an amended Schedule A) on April 21, 2026. [DE 1; DE 21; DE 22.] The amended complaint pleads two counts, both under the Lanham Act: trademark infringement and counterfeiting under 15 U.S.C. § 1114, and false designation of origin under 15 U.S.C. § 1125. [DE 21 at 10-11.] The amended complaint alleges that defendants are unknown individuals and entities operating out of foreign jurisdictions who conceal their identities using "multiple fictitious names and addresses," and that marketplace platforms do not adequately verify seller identities, allowing counterfeiters to register with false or inaccurate information. [*Id.* at ¶¶ 12, 17, 19.] On "information and belief," the complaint alleges the defendants "reside and/or operate in foreign jurisdictions and redistribute products from the same or similar sources in those locations." [*Id.* at ¶ 12.] The defendants use "common tactics," including use of "fictitious names and addresses" and "privacy services" to conceal their identities and contact information. [*Id.* at ¶ 19.] Furthermore, the complaint says in a rather conclusory fashion that the counterfeit Messika products sold by defendants "bear similarities and indicia of being related to one another,

suggesting that the infringing products were manufactured by and come from a common source and that, upon information and belief, Defendants are interrelated." [*Id*. at ¶ 20.]

On January 12, 2026, Messika moved for authorization to serve the defendants by electronic means under Rule 4(f)(3). [DE 7; DE 8.] The motion did not discuss any individual defendant. Instead, Messika represented that "[a]part from each Defendant's store name, marketplace ID, and URL, Plaintiff currently possesses no identifying information for any Defendant." [DE 8 at 2.] It further represented, again, in a rather conclusory way, that any mailing addresses listed on defendants' online storefronts are almost "certainly fabricated," and "[b]ecause Plaintiff does not know the Defendants' actual physical addresses, it is not required to serve process" under the Hague Service Convention. [*Id*. at 7.] In support of its Rule 4(f)(3) motion, Messika's counsel provided a declaration stating—based on his experience—that "nearly all physical mailing addresses provided by foreign-based sellers are entirely fabricated." [DE 8-1 at 2.] Finally, the motion explained that even when a physical address is available, it is not "reliable or the best means for providing notice to the Defendants." [DE 8 at 3.]

Defendant Integrity Yiwu then moved to dismiss. It included a screenshot of its Temu store page, which displays an address down to the room number within a specific unit in Jinhua City, China. [DE 40 at 2.] Yiwu's counsel represents that it is the "authentic business address listed on defendant's commercial registration." [*Id*. at ¶ 3.] In its response, Messika counters that while the address is available, it's not verifiable. Messika attached the declaration of Joey Yip, an investigator associated with Coresearch B.V, in support of its contention that the address cannot be verified. Yip states that he was asked

to investigate the business address associated with Yiwushitengdadianzishangwu Co, Ltd., the business name listed above the address on Yiwu's Temu store page. [DE 43-1 at 2.] Yip searched the Chinese corporate registration database and found a company with a corresponding Chinese name, and he identified a mismatch between that company's address and the one provided on the Temu store page. [*Id.*] As a result, Messika claims that Yiwu failed to establish that the store page provides a "known and reliable address" necessitating service under the Hague Service Convention. [DE 43 at 3-4.]

**Discussion**

Defendant Yiwu moves to dismiss for insufficient service of process under Fed. R. Civ. P. 12(b)(5). When service is challenged, the burden falls on the plaintiff to establish that it was valid. *Cardenas v. City of Chicago*, 646 F.3d 1001, 1005 (7th Cir. 2011). If "the district court finds that the plaintiff has not met that burden and lacks good cause for not perfecting service, the district court must either dismiss the suit or specify a time within which the plaintiff must serve the defendant." *Id*. If a defendant is not properly served, Rule 4(m) contemplates dismissal without prejudice, unless the plaintiff shows good cause for the failure.

Rule 4(f)(3) permits service abroad "by other means not prohibited by international agreement, as the court orders." Fed. R. Civ. P. 4(f)(3). The Hague Service Convention is such an agreement, and *Kangol* holds that where it applies, it is mandatory and exclusive. *Kangol*, 177 F.4th at 801-02. Because China has objected to the Convention's postal and other Article 10 channels, email service on a defendant in mainland China is prohibited when the Convention governs. *See id*. at 801.

Under Article 1, the Hague Service Convention applies where "there is occasion to transmit a judicial or extrajudicial document for service abroad," and it "shall not apply where the address of the person to be served with the document is not known." In deciding whether the address is known or not, the burden is on the plaintiff to prove it made reasonably diligent efforts to ascertain and verify defendant's mailing address before deeming it unknown. *See Kangol LLC v. Hangzhou Chuanyue Silk Imp. & Exp. Co.*, 177 F.4th 793, 799 (7th Cir. 2026) (citing *NBA Props., Inc. v. Partnerships & Unincorporated Associations Identified in Schedule "A"*, 549 F. Supp. 3d 790, 796 (N.D. Ill. 2021)).

The basis of Yiwu's Rule 12(b)(5) challenge is that its Temu store page publicly displays a verifiable business address. Messika counters that Yiwu failed to establish that the address displayed on its store page is a known and reliable address requiring service under the Convention. But this incorrectly flips the burden. Recall that under *Kangol*, it is the plaintiff—not defendant Yiwu—who bears the burden of establishing that service was proper. *See Cardenas,* 646 F.3d at 1005. Messika has not met its burden.

To establish that email service was proper, Messika must show that the Convention did not apply. In other words, it must demonstrate that Yiwu's address was "not known" despite reasonably diligent efforts to ascertain it. As Yiwu makes clear, the address was ascertainable—it was listed on Yiwu's public Temu store page. Supported by the declaration of Joey Yip, an investigator associated with Coresearch B.V., Messika argues that the address was not verifiable because there is a mismatch between Yiwu's registered address in the Chinese corporate registry and the one supplied on Yiwu's Temu storefront. [DE 43 at 3.]

The Article 1 inquiry looks to the plaintiff's effort at the time it deemed the address unknown—here, when Messika moved for electronic service under Rule 4(f)(3). *See Kangol*, 177 F.4th at 799 (citing *NBA Props.*, 549 F. Supp. 3d at 796). Messika's Rule 4(f)(3) motion rested on a generalized description of Chinese online sellers: "the contact information typically published in any Marketplace is rarely complete, and while the published information might lead to a certain city or region in China, there is rarely, if ever, the type of specific physical location information required to . . . effectuate personal service." [DE 8 at 6-7.]

Messika cannot justify service with an after-the-fact investigation in response to a Rule 12(b)(5) motion to dismiss, and that's precisely what it did here. Yip investigated the address on Yiwu's Temu storefront against the one in the Chinese corporate registry based on the listed company's purported English name and found that the registered address differed from the one on the Temu page. [DE 43-1 at 2; DE 43 at 3.] I don't need to reach the question of whether this establishes that a Schedule A defendant's address isn't verifiable for Article 1 purposes, because it wouldn't matter if it did. Messika has not shown that it made a reasonably diligent effort to ascertain or verify Yiwu's address *before* representing to the court that "Plaintiff does not know the actual physical address of any Defendant." [*See* DE 8 at 7.] In sum, the Yip declaration is too little, too late.

Yiwu asks for dismissal, albeit without prejudice. [DE 40 at 3.] But that's not appropriate at this time. First, although Rule 4(m) generally requires dismissal without prejudice when a defendant is not served within 90 days after the complaint is filed, that rule does not apply to foreign service. Fed. R. Civ. P. 4(m); *Nylok Corp. v. Fastener*

*World Inc.*, 396 F.3d 805, 807 (7th Cir. 2005). Accordingly, I will allow Messika to effectuate service on Yiwu as required by the Hague Service Convention. While there is no explicit time limit for foreign service in Rule 4, Messika must commence the service process without delay. *See id.*

Next, I turn to Yiwu's argument that it is improperly joined in this action. Yiwu cites Rule 21 of the Federal Rules of Civil Procedure and, in the alternative, 35 U.S.C. § 299, as the basis for its challenge. [*See* DE 40 at 3.] Let's start with the argument under § 299, which has no application here whatsoever. That section governs joinder in patent cases, and this is a trademark case. *See* 35 U.S.C. § 299(a) ("With respect to any civil action arising under any Act of Congress relating to patents . . . parties that are accused infringers may be joined in one action as defendants . . . ."). As to Rule 21, misjoinder is not a ground for dismissing the action. *See* Fed. R. Civ. P. 21.

The question then is whether Yiwu is improperly joined. Rule 20 imposes two requirements for joining multiple defendants in one action: the plaintiff's asserted right to relief must arise out of the same transaction, occurrence, or series of transactions or occurrences, and a question of law or fact common to all defendants must arise in the same action. Fed. R. Civ. P. 20(a)(2). Rule 21 provides that "On motion or on its own, the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21. In its amended complaint, Messika alleges, "upon information and belief," that the defendants are "interrelated." [DE 21 at ¶ 20.] It alleges that their products share similar design elements suggesting common manufacturing sources. [DE 21 at ¶ 4.] Messika also says the defendants use the same pictures to advertise these products, and that

counterfeit rings like the defendants "typically" are in communication with one another. [DE 21 at ¶¶ 16, 18.] These allegations are entirely conclusory or otherwise not enough to satisfy Rule 20's requirements.

In a Schedule A case, it is not enough for a plaintiff to allege multiple defendants advertise their counterfeit products in the same way. *Bose Corp. v. Partnerships & Unincorporated Associations Identified on Schedule "A"*, 334 F.R.D. 511, 514 (N.D. Ill. 2020) (allowing joinder on a different theory). Nor is it enough to allege that counterfeit products sold by Schedule A defendants bear similarities. *See Estée Lauder Cosms. Ltd. v. Partnerships & Unincorporated Associations Identified on Schedule A*, 334 F.R.D. 182, 187 (N.D. Ill. 2020). Instead, the complaint must show that there is a "logical relationship" between the claims against each defendant. *Id.* at 185. Messika has not made that showing as to Yiwu. Even taking the allegations as true, Messika has not plausibly alleged any transactional link between Yiwu and the other defendants.

That's not to say that there *must* be a transactional link between the defendants. In *Bose*, the district court found joinder of 17 defendants proper under Rule 20 based on an "occurrence" theory where the transactional theory failed. *See* 334 F.R.D. at 516-17. Because the various defendants' sales of counterfeit Bose products constituted a "swarm" attack on the plaintiff's trademark, and each defendant appeared to have participated in that swarm, joinder was proper. The swarm attack served as an adequate "occurrence" under Rule 20. *Id.* Neither party has briefed that occurrence theory, and because Messika does not rely on it, I neither adopt nor apply it here.

As it stands, the operative complaint [DE 21] does not justify joinder of Yiwu with the other defendants under Rule 20(a). Messika must either: amend its complaint and join Yiwu with the remaining defendants but only if it satisfies the requirements of Rule 20; or otherwise bring a separate individual action against Yiwu.

**Conclusion**

For the foregoing reasons, the Court:

1) DENIES Defendant Integrity Yiwu's motion to dismiss [DE 40];
2) ORDERS Messika Group to effectuate service on Integrity Yiwu pursuant to the Hague Service Convention; and
3) ORDERS Messika Group, by September 24, 2026, to amend its complaint to satisfy Federal Rule of Civil Procedure 20(a) and file an accompanying brief explaining why joinder of Yiwu with the remaining defendants is proper.

SO ORDERED.

ENTERED: August 24, 2026.

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT